**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSHUA S. HODAS, SB# 250802
  josh.hodas@lewisbrisbois.com
DANIEL C. DECARLO, SB# 160307
  dan.decarlo@lewisbrisbois.com
AVIRAM E. MUHTAR, SB# 260728
  avi.muhtar@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff AMERICAN HOMES 4 RENT L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AMERICAN HOMES 4 RENT L.P., a Delaware limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>KIPP, FLORES ARCHITECTS, LLC, a Texas limited liability company,<br><br>Defendants. | Case No. 21-cv-8939<br><br>**COMPLAINT FOR**<br>1) **DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE COPYRIGHT ACT (17 U.S.C. § 101 *ET SEQ.*)**<br>2) **DECLARATORY JUDGMENT OF NON-VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. § 1202)**<br><br>Trial Date:     None Set |

4865-6623-4883.5

COMPLAINT FOR DECLARATORY RELIEF

# COMPLAINT

Plaintiff AMERICAN HOMES 4 RENT L.P. ("Plaintiff" or "AH4R"), by its undersigned counsel, alleges as follows for this Complaint for Declaratory Relief against Defendant KIPP, FLORES ARCHITECTS, LLC ("Defendant" or "KFA"):

## PARTIES

1. Plaintiff AMERICAN HOMES 4 RENT L.P. is a Delaware limited partnership with its principal place of business at 30601 Agoura Road, Suite 200L, Agoura Hills, California 91301. AH4R is engaged in the business of developing, constructing, owning and managing single-family-home residential, rental housing communities.

2. On information and belief, KIPP, FLORES ARCHITECTS, LLC, is a Texas limited liability company, with its principal place of business at 11776 Jollyville Road, Suite 100, Austin, Texas, 78759. On information and belief, KFA is in the business of designing residential housing and other related buildings and facilities.

## NATURE OF ACTION, JURISDICTION AND VENUE

3. This action arises under the Declaratory Judgment Act (28 U.S.C. §§ 2201-2202), the Copyright Act (17 U.S.C. § 101, *et. seq.*), and the laws of the States of Texas and California.

4. Under 28 U.S.C. §§ 1331, 1332 and 1338(a), this Court has subject-matter jurisdiction over AH4R's declaratory judgment claims because they arise under the copyright laws of the United States.

5. This Court has personal jurisdiction over Defendant KFA because, on information and belief, KFA conducts business in and has a substantial and continuous presence in the State of California and in this District. In addition, by its business and by its actions against AH4R in this District, as detailed below, KFA has expressly aimed its activities at this District, availing itself of this forum.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND FACTS

7. AH4R is the developer and owner of—among many similar developments—a 215-unit, single-family-home residential, rental housing community, Creekside Ranch ("Creekside"), located in New Braunfels, Texas.

8. From September 2017 to October 2019—overlapping with the period during which it was developing Creekside—AH4R was party to a non-exclusive co-development agreement with American Housing Ventures, LLC ("AHV"), a Delaware limited liability company also based in California.

9. Previously, in 2016, AHV had entered into an agreement with KFA for "Architectural Services and License" (the "2016 KFA/AHV License Agreement") in connection with developments to be built "generally within a 50 mile radius of Austin, TX."

10. On information and belief, under this agreement, KFA provided several architectural designs which AHV used under license in the development of communities in Georgetown, Texas and Pflugerville, Texas.

11. At some point, AHV suggested that AH4R use certain of these architectural designs at Creekside and introduced AH4R to KFA.

12. On or around December 7, 2017, KFA provided two proposals to AH4R: 1) a one-page proposal for the design of an "amenity center" at Creekside, together with a related, multi-page "Architectural Services and License Agreement" in that regard, and 2) a one-page "Proposal for Reuse License" (the "2017 Re-use License") in which KFA offered to grant AH4R a license for "[r]euse of Plans 1484, 1525, and 1904 on approximately 215 lots at Unit 1 and Unit 2" in exchange for $43,000 ($200 per unit) and stated that "[b]oth parties agree that license fees will be invoiced in a lump-sum fee at acceptance of this proposal."[1]

---

[1] The proposal (as with many other relevant documents) is addressed to AMH Creekside Development, LLC ("AMH CD") which is a single-use/special-purpose entity created for the purpose of developing and operating Creekside, and is a wholly, indirectly owned subsidiary of AH4R.



4865-6623-4883.5

2
COMPLAINT FOR DECLARATORY RELIEF

13. On or around December 12, 2017, AH4R accepted the proposals and executed them and, subsequently, KFA provided its executions.

14. On information and belief, in or around October 2018, KFA created construction plans for the house designs to be used at Creekside and provided them to AHV which then provided them to AH4R.

15. On or around April 3, 2019, AHV, sent a four-page letter to KFA and AMH CD by which it purported to "partially assign" certain of its rights and responsibilities under the 2016 KFA/AHV License Agreement to AH4R. The 2016 KFA/AHV License Agreement was not attached as an exhibit to the letter. AMH CD and KFA subsequently executed the letter as "Agreed and Accepted."[2]

16. In August 2019, with construction on the horizon, AH4R requested and obtained from AHV a set of so-called blackline floorplans (the "Blackline Floorplans") for the three house designs to be built at Creekside for use in its marketing materials. These are the sort of simplified floorplans used in real estate advertisements to show the approximate size and layout of rooms in an apartment or house. They are not sufficient to be used for construction.

17. On information and belief, AHV (or its agent) was the author of the Blackline Floorplans it provided to AH4R.

18. In late fall of 2019, AH4R began using the Blackline Floorplans in its online and other marketing of Creekside.

19. Entitlement and site preparation having been completed, permitting of the individual houses began (on a rolling basis) in late September 2019 (just before the termination of the AH4R/AHV relationship) and construction of houses (again on a rolling basis) began in early November 2019.

---

[2] Because KFA asserts that the partial assignment is binding on AH4R, AH4R relies on its terms (and those of the 2016 KFA/AHV License Agreement) in its claims for relief here. AH4R, however, reserves the right to argue at appropriate points in this litigation that the partial assignment was ineffective for various reasons and that AH4R, therefore, never became bound by the terms of the 2016 KFA/AHV License Agreement.

20. On December 3, 2019, AH4R provided KFA a spreadsheet of information regarding all 215 houses planned for construction at Creekside, and requested billing for the re-use fees on forty-two homes which had recently been permitted.

21. On or around December 9, 2019, KFA issued invoices totaling $8,400.00 for those re-use fees, and AH4R subsequently timely paid those invoices

22. On or about January 6, 2020, AH4R informed KFA that it preferred to pre-pay the remaining re-use fees all at once, and requested an invoice for the re-use fees for the remaining 173 houses. KFA never provided an invoice in response to that request.

23. As of this filing, construction has been completed on all but a handful of the 215 houses planned for Creekside.

24. On or about August 2, 2021, KFA, through its counsel, Louis Bonham, sent a letter titled "Notice of Default" (the "August 2, 2021 Demand Letter") addressed to AH4R and AMH CD, as well as to AHV, claiming, *inter alia*, and in most relevant part, that 1) AH4R had failed to report permitting and construction of, and failed to pay the $200 per unit re-use fees for, 173 of the 215 houses constructed or under construction at Creekside, and that 2) AH4R's use of the Blackline Floorplans in its marketing constituted violations of Section 1202(b) of the Digital Millennium Copyright Act.

25. The August 2, 2021 Demand Letter further stated that "While each of these violations of the terms of the License Agreement caused the automatic termination of all licenses granted thereunder, you are formally notified that such actions constitute defaults under the License Agreement."

26. While not stated explicitly in the August 2, 2021 Demand Letter, the 2016 KFA/AHV License Agreement on which KFA based its demands provides, at Section VII.c that: "upon occurrence of default, Architect may immediately cease all work on behalf of Client and shall have the right to terminate this Agreement. Upon the

occurrence of any termination of this Agreement, all rights of Client shall cease and Client will immediately halt construction, marketing, or the use of Architect's plans, drawings, forms or documents for any purpose. …"

27. Section V.b of the 2016 KFA/AHV License Agreement further provides that "[u]pon issuance of permit for construction of each unit, Client shall notify Architect in writing, providing legal description and/or address for each site, and shall purchase licenses for re-use. Failure to timely provide such written notice and/or timely purchase of any required Re-Use License shall automatically terminate and nullify any and all express or implied licenses granted Client to use Architect's drawings or architectural works."

28. AH4R attempted in good faith to negotiate a resolution with KFA.

29. Although KFA had never issued an invoice for the remaining 173 re-use fees as AH4R requested on January 6, 2020—and as KFA was required to do under the terms of both the 2016 KFA/AHV License Agreement and the 2017 Re-use License in order to trigger any payment obligation—on or about November 2, 2021, KFA issued a check for $34,600.00 to cover those 173 re-use fees to KFA sent by overnight courier and, on information and belief, received by KFA the next day.

30. On information and belief, KFA has not, thus far, cashed that check.

31. On or about November 10, 2021, at a time when AH4R's counsel believed the parties were still actively involved in attempts at resolution, KFA, through its counsel Bonham, sent an email titled "Kipp Flores Architects / AMH Creekside Development: NOTICE OF TERMINATION". That email states in relevant part:

> As set forth in my letter of August 2, 2021, the publication of copies of KFA's architectural works in marketing materials without the required Copyright Management Information unquestionably violated Section V.a of the Agreement: Architectural Services and License (the "Agreement"), and therefore constituted a default of the Agreement. Pursuant to VII.c of the Agreement, such a default entitles KFA to terminate the Agreement. Based on your clients' unwillingness to settle this matter along the lines that I developed in discussions with Mr. Kushner and your clients' prior counsel, KFA hereby exercises its right to TERMINATE the Agreement.
>
> Per Section VII.c of the Agreement, AMH Creekside Development, LLC is obligated to immediately halt construction, marketing, or use of KFA's plans, drawings, forms

> or documents for any purpose. It must also deliver to KFA, at AMH Creekside Development, LLC's expense, all plans, documents, drawings and other material incorporating plans, design concepts, copyrights and drawings including electronic data and any other items incorporating the plans, drawings or copyrights. AMH Creekside Development, LLC's must also provide a detailed list of any persons or entities that may have copies of the plans or drawings, including copies of any contracts or agreements between AMH Creekside Development, LLC's and such persons or entities. KFA demands AMH Creekside Development, LLC comply with these contractual obligations.
>
> KFA further renews its August 2, 2021 demand that AMH Creekside Development, LLC cease and desist from its continued acts of copyright infringement and violations of DMCA 1202, including but not limited to its distribution of copies of KFA's architectural works KFA https://communities.ah4r.com/floorplan/creekside-1140, https://communities.ah4r.com/floorplan/creekside-1529, and https://communities.ah4r.com/floorplan/creekside-1904.
>
> Because litigation appears likely, your clients are obligated to implement a litigation hold over all potentially relevant documents, ESI, and other materials. While the Agreement obligates AMH Creekside Development, LLC's to deliver to KFA all copies of the materials recited above, KFA is willing to allow your firm to retain a copy of all materials returned to KFA for purposes of the preservation and production of potentially relevant evidence in litigation.
>
> Should your clients wish to reconsider their position, if I have misunderstood their position, or you otherwise have any questions, please feel free to call.

32. On or about November 12, 2021, in response to an email from AH4R's counsel questioning the abrupt change in tenor of the negotiations, KFA's counsel responded in relevant part that:

> You and your clients have had more than enough time to "consider" this matter.
>
> ...
>
> If I do not hear back from you, I will assume your clients' position on, inter alia, term sheet items 3(g) and (h) remains what you plainly stated on our last call (November 5), and will proceed accordingly. Again, I trust that your clients have implemented a litigation hold, and will be returning KFA's materials shortly.

# FIRST CLAIM FOR RELIEF

## Declaratory Judgment of Non-Infringement of Copyright

### (17 U.S.C. § 101, *et seq.*)

33. AH4R restates and incorporates by reference, as if fully set forth herein, the allegations of the foregoing paragraphs 1 through 32.

34. On the basis of KFA's accusations against AH4R, an actual and justiciable controversy has arisen and now exists between AH4R and KFA concerning AH4R's rights to use KFA's designs, and derivative works thereof, in the completion of

construction of houses at Creekside and in the marketing of those and the already-completed houses at Creekside because KFA argues that it has the right to terminate the agreements and, thereby, the licenses granted thereunder, potentially making any continued use by AH4R an infringement under the copyright laws of the United States, including, but not limited to, 17 U.S.C. § 106, *et seq.*

35. Because, contrary to KFA's assertions, AH4R *did* report its intended re-use of KFA's designs to KFA and requested invoices be issued therefor, and because no other relevant term of the agreements allows KFA to terminate the agreements and the licenses thereunder, and in light of other defenses available to AH4R in any case—including but not limited to defenses of fair use and of copyright misuse—AH4R seeks a judicial declaration that it has not infringed any enforceable right that KFA holds or might hold to its architectural works under the Copyright Act.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment of Non-Violation of Digital Millennium Copyright Act

### (17 U.S.C. § 1202)

36. AH4R restates and incorporates by reference, as if fully set forth herein, the allegations of the foregoing paragraphs 1 through 35.

37. On the basis of KFA's accusations against AH4R, an actual and justiciable controversy has arisen and now exists between AH4R and KFA concerning KFA's allegations that AH4R's use and publication of the Blackline Drawings—or other depictions of the houses at Creekside—in its marketing amounts to violations of the Digital Millennium Copyright Act—in particular of 17 U.S.C. § 1202—for the intentional unlawful removal of Copyright Management Information ("CMI").

38. Because, contrary to KFA's assertions, neither AH4R, nor, on information and belief, any other party acting on its behalf (including but not limited to AHV) has removed CMI from any KFA architectural work in order to produce the Blackline Floorplans herein, and in light of other defenses available to AH4R in any case—including but not limited to defenses of fair use and of copyright misuse—

AH4R seeks a judicial declaration that it has not, by its use and publication of the Blackline Floorplans—or any other depiction of the houses at Creekside—in its marketing, violated Section 1202 or any other section of the Digital Millennium Copyright Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AMERICAN HOMES 4 RENT L.P. respectfully requests the Court to enter judgment in its favor on all claims asserted in this Complaint and, specifically prays as follows:

    A.    That the Court issue a declaration that AH4R has not infringed any enforceable right that KFA holds or might hold to its architectural works under the Copyright Act;

    B.    That the Court issue a declaration that AH4R has not, by its use and publication of the Blackline Floorplans—or any other depiction of the houses at Creekside—in its marketing, violated Section 1202 or any other section of the Digital Millennium Copyright Act;

    C.    That the Court award AH4R its reasonable attorneys' fees and its costs of suit herein; and

    D.    That the Court award AH4R such other relief as it deems just and proper.

DATED: November 14, 2021        LEWIS BRISBOIS BISGAARD & SMITH LLP
JOSHUA S. HODAS
DANIEL C. DECARLO
AVIRAM E. MUHTAR

By:     */s/ Joshua S. Hodas*
     Joshua S. Hodas
     Attorneys for Plaintiff
     AMERICAN HOMES 4 RENT L.P.

